UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY E. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04531-JRS-DLP |
| | ) | |
| PROCTER & GAMBLE, | ) | |
| PROCTER & GAMBLE U.S. BUSINESS | ) | |
| SERVICES COMPANY, | ) | |
| PROCTER & GAMBLE DISTRIBUTING | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**O<small>RDER</small>**

This matter comes before the Court on the Defendants' Motion to Strike

Plaintiff's Expert Disclosures, Dkt. [44]. The motion was referred to the

Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN**

**PART** and **DENIED IN PART**.

## I.    Background

Plaintiff Larry Anderson brought this case alleging that the Defendants'

product, a Tide Pod, failed to properly dissolve during the laundry washing process,

leaving him with a chemical burn on his foot. (Dkt. 19 at 2). Plaintiff claims that

Defendants negligently designed or manufactured the Tide PODS laundry

detergent, and failed to adequately warn of its dangers. (Dkt. 1-2). On November 30,

2020, Plaintiff served his Rule 26(a)(2) Expert Disclosures, naming as expert

witnesses four medical professionals who treated Plaintiff for his foot injury,

including Dr. Marin Garcia, Nurse Practitioner Diana Swanson, Nurse

Practitioner[1] Elizabeth Mullis, and Family Nurse Practitioner Terri Harding. (Dkt.

44-1). On December 28, 2020, Defendants filed the present motion to exclude all

four of Plaintiff's proposed expert witnesses. (Dkt. 44).

## II.  Discussion

### a.  *Rule 26(a)(2) Disclosures*

In this case, Defendants maintain that exclusion of the Plaintiff's experts is

warranted because the Plaintiffs have failed to make proper expert witness

disclosures under Rule 26(a)(2). The Plaintiff opposes the Defendants' motion,

contending that he has fulfilled the Rule's requirements for disclosure of expert

witnesses.

All witnesses who are to give expert testimony under the Federal Rules of

Civil Procedure must be disclosed under Rule 26(a)(2) which provides:

> (A) *In General.* In addition to the disclosures required by Rule
> 26(a)(1), a party must disclose to the other parties the identity of
> any witness it may use at trial to present evidence under Federal
> Rule of Evidence 702, 703, or 705.

> (B) *Witnesses Who Must Provide a Written Report.* Unless
> otherwise stipulated or ordered by the court, this disclosure must
> be accompanied by a written report – prepared and signed by the
> witness – if the witness is one retained or specially employed to
> provide expert testimony in the case or one whose duties as the
> party's employee regularly involve giving expert testimony. . . .

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless
> otherwise stipulated or ordered by the court, if the witness is not
> required to provide a written report, this disclosure must state:

---

[1] Ms. Mullis is identified as a Medical Doctor in Plaintiff's disclosures, but is actually a Nurse
Practitioner.

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2).  "Rule 26 divides expert witnesses into two types: those who are 'retained or specially employed to provide expert testimony in the case,' and all other expert witnesses. *Malibu Media, LLC v. Harrison*, No. 1:12-CV-01117-WTL-MJD, 2014 WL 6474065, at *1 (S.D. Ind. Nov. 19, 2014).

The Seventh Circuit has interpreted this Rule to require "only those witnesses 'retained or specially' employed to provide expert testimony" to submit an expert report complying with Rule 26(a)(2)(B)." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (emphasis and quotations omitted). In contrast, when disclosing the identity of other expert witnesses – those not specially retained or employed to give testimony – a party need only provide a summary disclosure. A summary disclosure must state the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. *See Harrison*, 2014 WL 6474065, at *2 (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)).

A treating physician can provide an expert opinion without submitting a written report if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for litigation. *See EEOC v. AutoZone,*

*Inc.*, 707 F.3d 824, 833 (7th Cir. 2013).  Mr. Anderson's treating medical professionals' testimony must not, however, exceed the scope of observations made during treatment. *See Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 6474065, at *2; *see also Brunswick v. Menard, Inc.*, No. 2:11 CV 247, 2013 WL 5291965, at *3-4 (N.D. Ind. Sept. 19, 2013) (explaining that under the amended Rule 26, any physician who intends to testify must submit, at the very least, a summary report; and whether such testimony calls for a full expert report depends on the breadth of the testimony); *accord Crabbs v. Wal–Mart Stores, Inc.*, No. 4:09-cv-00519-RAW, 2011 WL 499141, at *3 (S.D. Iowa Feb. 4, 2011) (recognizing that amendments to Rule 26 supersede prior cases requiring full expert reports from non-retained experts who intend to present opinion testimony). "Therefore, the scope of treatment provided by Plaintiffs' treating physicians governs the extent to which they may testify on issues of causation, not whether they intend to provide opinion testimony." *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-CV-01020-RLY, 2015 WL 1396606, at *2 (S.D. Ind. Mar. 26, 2015).

For each of the four proposed experts, Plaintiff provided the following identical disclosure:

> Expected to testify as to the causation of and existence of foot injuries and burns received by Plaintiff in the subject incident and the requirement of treatment and medications to treat said injuries. Also expected to testify as to the permanency of the injuries and the possible need for future treatment. Further expected to testify, from a medical standpoint, as to the unreasonable and dangerous concentration of alkaline chemicals causing Plaintiff's burns due to the product as [sic] issue is [sic] the case.

(Dkt. 44-1).

Defendants argue that these disclosures are deficient and should be stricken because they do not provide "an adequate summary of the facts and opinions to which each of his treating healthcare providers will testify." (Dkt. 45 at 6). Additionally, to the extent that each provider will testify as to causation, Defendants contend the disclosures are deficient because no expert reports were provided in accordance with Rule 26(a)(2)(B). (Id. at 9-10).

Plaintiff maintains that his disclosures are sufficient because the four healthcare providers will testify as to the treatment provided to Plaintiff and conclusions of causation that were drawn during the course of treatment. (Dkt. 47). Plaintiff also asserts that exclusion of his expert witnesses is improper because Defendants can show no prejudice for Plaintiff not providing expert reports. (Id.).

In reply, Defendants note that Plaintiff failed to establish that his failure to comply with Rule 26 was substantially justified or harmless and, thus, argue that Plaintiff's four experts should be stricken. (Dkt. 53).

Plaintiff expressly indicates that he does not intend to designate any of his four medical experts as Rule 26(a)(2)(B) experts requiring an expert report; nevertheless, he insists that his experts can testify as to opinions on causation that were formed during the course of treatment. Plaintiff has provided no information as to the scope or nature of treatment, or of the summary of each medical professional's expected testimony, rendering it all but impossible for this Court to determine whether any of the intended testimony regarding causation was formed during the course of treatment. Perhaps more troubling, Plaintiff used the same

description to outline each medical professional's expected testimony, despite the fact that each professional's treatment occurred at different points in the injury timeline and was provided by both nurse practitioners and medical doctors. It stands to reason that Plaintiff's primary doctor who initially treated his injury that developed on August 14, 2017 might have varying observations and testimony from the nurse practitioner who evaluated him at the Wound Care Center on September 1, 2017. (Dkt. 47-1 at 2).

Rule 26(a)(2)(C) summary disclosures must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the care a treating physician provided, in order to guard against the prejudice of unfair surprise on opposing parties. *Salesman v. Yellow Ambulance Servs.*, No. 4:18-cv-00096-TWP-DML, 2020 WL 224597, at *3 (S.D. Ind. Jan. 15, 2020) (citing *Slabaugh*, 2015 WL 1396606, at *3). "They must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Id.* (citations omitted).

None of Plaintiff's disclosures meets this standard. Notwithstanding Plaintiff's use of identical disclosures for each proposed medical expert, the disclosures themselves do not contain the required information. It is not clear what injuries Plaintiff suffered, what treatment he was provided, or what the permanency of the alleged injuries might be. *See Hogan v. United States of America,*

No. 1:18-cv-03763-JPH-TAB, 2021 WL 843451, at *2 (S.D. Ind. Mar. 4, 2021) (vague statements such as "testify 'regarding the permanency of the injury'" without explaining the injury or permanency are insufficient). In his response to the present motion, Plaintiff attaches two medical records that correspond to one of Plaintiff's treatment visits with Nurse Practitioner Elizabeth Mullis; while those two pages clarify some details about the alleged injury and treatment, it is still unclear whether Ms. Mullis formed any conclusions as to permanency of the injury or causation during her treatment of Plaintiff's foot. Moreover, those two pages of medical records only address Ms. Mullis, and fail to support or supplement the disclosures for the other three proposed medical experts.

Plaintiff's disclosures refer to a foot injury and potential future treatment, for example, without actually explaining the medical professional's opinions on those topics. Furthermore, Plaintiff claims that each professional formed a medical opinion as to the "unreasonable and dangerous concentration of alkaline chemicals" being the cause of Plaintiff's injuries, without providing any support to show that these opinions were formed during the course of treatment. The Court thus concludes that Plaintiff's disclosures do not adequately summarize the facts and opinions to which each medical professional will testify. As such, the disclosures fail to comply with Rule 26(a)(2)(C).

b. *Remedy for Inadequate Disclosures*

Without proper disclosures, a party may miss its opportunity to disqualify their opponent's expert, retain rebuttal experts, or hold depositions for an expert

not required to provide a report. *Rocklane Co., LLC v. Travelers Cas. Ins. Co. of Am.*, No. 1:17-cv-02158-JMS-DLP, 2020 WL 1320963, at *3 (S.D. Ind. Jan. 21, 2020). Because of these and other ways a party may be prejudiced by an improperly disclosed expert, the sanction for failing to adhere to Rule 26(a)(2) is exclusion. *Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012) (internal citations omitted); *see also* Fed. R. Civ. P. 37(c)(1). This sanction, however, is not automatic; instead, the Court must determine whether the exclusion is justified or harmless under Rule 37(c)(1). The Court has broad discretion in determining whether an error is harmless or justified, but it should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Lauderdale v. Deputy*, No. 1:16-cv-02684-TWP-TAB, 2019 WL 7183784, at *5 (S.D. Ind. Dec. 26, 2019) (citing *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011)).

Plaintiff does not address the question of whether his failure to comply with Rule 26(a)(2)(C)'s disclosure requirements was justified or harmless, beyond noting that Defendants would not be prejudiced because they have "the ability to depose any and/or all of Anderson's disclosed experts before trial" and "received the medical records of the clinicians and are aware of the clinicians' opinions . . . as to causation and injuries." (Dkt. 47 at 6).

Defendants argue that Plaintiff's inadequate disclosures should not be deemed harmless because Defendants have been prejudiced by Plaintiff's

8

insufficient disclosures and Defendants' ability to cure the prejudice is hampered, especially since the deadlines for expert discovery have already closed and a trial date is scheduled for August 16, 2021. (Dkt. 45 at 10-11). Furthermore, Defendants note, this case has been pending since July 2019; since each proposed expert is a treating healthcare provider, Plaintiff should have been able to submit adequate disclosures in the last twenty months. (Id. at 11).

On the other hand, the Court must point out that the Defendants failed to meet and confer with the Plaintiff regarding perceived deficiencies in his expert disclosures. Local Rule 37-1 requires that parties confer in good faith to resolve discovery disputes, with this requirement applying to "any motion raising a discovery dispute." S.D. Ind. L.R. 37-1(b). Defendants' motion requests that the Court strike all four of Plaintiff's proposed experts due to deficiencies in the disclosures; thus, Local Rule 37-1 directly applies to the present situation. *See Slabaugh*, 2015 WL 1396606, at *4. Defendants also failed to confer with Plaintiff, in contravention of the Undersigned's Order Regarding Discovery Disputes. (Dkt. 20). This Order specifically states that parties "must confer in good faith to resolve a discovery dispute before involving the court in the dispute." (Id.).

Using the broad discretion accorded to magistrate judges when weighing discovery errors, the Undersigned concludes that the factors weigh in neither side's favor. The Plaintiff undoubtedly committed error when submitting significantly inadequate expert disclosures; conversely, if Defendants had complied with this Court's discovery order and the Local Rules, this issue could likely have been

resolved during an informal discovery dispute conference with the parties instead of proceeding to formal motion practice that used up valuable time for completing discovery. Any prejudice that occurred as a result of Plaintiff's conduct can be cured by a brief extension of the expert discovery deadline. Accordingly, the Court finds it prudent to reopen expert discovery through **April 16, 2021**. Within the next fourteen (14) days, Plaintiff shall supplement his expert disclosures to comply with Rule 26(a)(2) and this Order. If the Defendants take issue with the Plaintiff's amended disclosures, the parties shall be required to meet and confer and, if no resolution is achieved, then to contact the Undersigned's chambers for a discovery conference, prior to filing any motions.

### III.   Conclusion

For the reasons set forth above, Defendants' Motion to Strike Plaintiff's Expert Disclosures, Dkt. [44], is **GRANTED IN PART** and **DENIED IN PART**. Expert discovery is reopened through **April 16, 2021**. Plaintiff shall supplement his expert disclosures to comply with Rule 26(a)(2) and this Order within the next fourteen (14) days.

So ORDERED.

Date: 3/19/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email